UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT LEO LOVE,

  Petitioner,

v.

                             Civil Action 2:17-CV-11913
                             HONORABLE SEAN F. COX
                             UNITED STATES DISTRICT COURT

J.A. TERRIS,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING
LEAVE TO APPEAL *IN FORMA PAUPERIS***

Herbert Leo Love, (petitioner"), a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his application, filed *pro se*, petitioner challenges his conviction and sentence for conspiracy to distribute more than five kilograms of cocaine, 18 U.S.C.§ 841(a)(1) and § 846. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

**I. BACKGROUND**

Petitioner was tried in *absentia* in the United States District Court for the Western District of Michigan. Petitioner was convicted on June 29, 1994. Petitioner was captured over eleven years after his conviction. On April 12, 2006, petitioner was sentenced to 240 months in prison.

Petitioner appealed his conviction and sentence. Petitioner raised three issues on his appeal: (1) that the "judge rather than the jury" determined "the drug quantity for which he was sentenced," in violation of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), (2) that trial counsel was ineffective

1

for failing to object to the judge making this determination, and (3) that "the district court neglected to first calculate the proper Guidelines range within the relevant statutory framework." The United States Court of Appeals for the Sixth Circuit affirmed petitioner's conviction but vacated petitioner's sentence on the ground that the district judge had failed to calculate the proper guidelines range. *United States v. Love*, 289 F. App'x. 889, 891 (6th Cir.2008); *cert. den.* 555 U.S. 1088 (2008).

On remand, petitioner was re-sentenced on February 19, 2009 to 204 months in prison.

Petitioner appealed his new sentence to the Sixth Circuit. Petitioner raised three claims: (1) that the "sentence was substantially unreasonable;" (2) that petitioner's Sixth Amendment right to a jury trial was violated because the sentence was based on facts found by the judge as opposed to the jury; and (3) that "the district court erred in determining an amount of cocaine over sixteen kilograms attributable to him." *United States v. Love*, 392 F. App'x. 410, 412, 414 & 416 (6th Cir. 2010). The Sixth Circuit affirmed petitioner's new sentence. *Id.* at 418.

Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C.§ 2255, which was rejected as untimely because it was filed after the one year statute of limitations under § 2255(f) had expired. *Love v. United States*, No. 1:14-CV-254, 2014 WL 2112664 (W.D. Mich. May 20, 2014); *appeal dism.* No. 14-1820 (6th Cir. Jan. 7, 2015).

Petitioner filed a second motion to vacate sentence, which was transferred by the district court to the Sixth Circuit for a determination of whether petitioner should be allowed to file a successive motion to vacate sentence. *Love v. United States*, 1:16-CV-803 (W.D. Mich. June 28, 2016). The Sixth Circuit denied petitioner permission to file a second or successive motion to vacate sentence. *In Re Love,* No. 16-1949 (6th Cir. Apr. 3, 2017).

Petitioner seeks a writ of habeas corpus on the following ground:

2

Based on the Supreme Court's retroactive statutory interpretation case, *Burrage v. United States*, Love can show his [imprisonment is] in violation of the law and Constitution and [petitioner] is entitled to habeas relief.

## II. DISCUSSION

Petitioner claims that his sentence of 204 months exceeds the statutory maximum for a violation of 18 U.S.C. § 841(a)(1). Petitioner argues that his sentence was invalid because the judge instructed the jurors that the government was not required to establish the quantity of the cocaine that petitioner distributed. Petitioner further claims that a violation of § 841(a)(1) is a lesser included offense of 18 U.S.C. § 841(b)(1)(c). In support of his claim, petitioner cites to the United States Supreme Court case of *Burrage v. United States,* 134 S. Ct. 881 (2014).

A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests upon the habeas petitioner; the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten v. Cauley,* 677 F.3d at 303; *Charles v. Chandler,* 180 F.3d at 756. Similarly, a habeas petitioner's § 2255 remedy is not

inadequate merely because the petitioner permitted the one year statute of limitations contained in the Antiterrorism of Effective Death Penalty Act (AEDPA) to expire. *Charles*, 180 F. 3d at 758.

Until recently, a federal prisoner could not raise a challenge to his or her sentence under 28 U.S.C. § 2241; s*ee Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir.2011); *United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001).

The Sixth Circuit, however, recently modified this rule. In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that a federal prisoner may challenge his or her sentencing enhancement as a career offender under § 2241 through the § 2255(e) savings clause by: "(1) prisoners who were sentenced under the mandatory guidelines regime *pre-United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id.,* at 599-600.

Petitioner is unable to challenge his sentence in a § 2241 habeas petition because his case does not fall within the exception under *Hill* to come within the savings clause of § 2255 for several reasons.

First, petitioner was not originally sentenced until April 12, 2006, and was then re-sentenced on February 19, 2009. Both sentences occurred after the Supreme Court held in *Booker* that the sentencing guidelines were not mandatory but only advisory. Because petitioner was not sentenced under the pre-*Booker* mandatory guidelines regime, he cannot use § 2241 to challenge the judge's sentence.

Secondly, petitioner has failed to show that the Supreme Court has made its decision in

4

*Burrage* retroactive to cases on collateral review. Although several circuits have held that *Burrage* should be made retroactive to cases on collateral review, *see Santillana v. Upton*, 846 F.3d 779, 783–84 (5th Cir. 2017), *Krieger v. United States*, 842 F.3d 490, 499–500 (7th Cir. 2016), the Third Circuit held that a habeas petitioner could not use a § 2241 habeas petition to bring a *Burrage* claim because the Supreme Court in that case did not decriminalize the conduct for which the petitioner was convicted, but merely applied *Apprendi* and *Alleyne* [*v. United States*, 133 S. Ct. 2151, 2155 (2013)]. *See Dixon v. Warden of FCI Schuylkill*, 647 F. App'x. 62, 64 (3d Cir. 2016). The Sixth Circuit has yet to decide whether *Burrage* applies retroactively to cases on collateral review. *See Hancock v. United States*, No. 2:08-CR-75-JRG-DHI, 2016 WL 4290468, at * 8 (E.D. Tenn. Aug. 15, 2016). In the absence of any clear language by the Supreme Court or the Sixth Circuit that *Burrage* is retroactive to cases on collateral review, petitioner cannot raise such a claim in his § 2241 petition.

Finally, the Sixth Circuit in *Hill* expressly limited its holding to a federal prisoner who sought to challenge his or her sentencing enhancement as a career offender under § 2241 through the § 2255(e) savings clause where a retroactive change in statutory interpretation by the Supreme Court indicated that a petitioner's previous conviction could not be used as predicate offense for a career-offender enhancement. Petitioner does not challenge any sentence enhancement as a career offender.

Petitioner's claim does not come within *Hill's* limited exception for bringing a § 2241 habeas petition to challenge his sentence because his sentence was imposed after *Booker* made the sentencing guidelines advisory rather than mandatory and because he relies on a Supreme Court case that does not address the issue of sentencing enhancements for career offenders. Petitioner's claim

5

does not come within the savings clause of Section 2255 and he thus cannot challenge his sentence in a habeas petition. *See Sandoval v. Sepanek*, No. CV 16-162-KKC, 2017 WL 2485223, at *2 (E.D. Ky. June 8, 2017).

In any event, petitioner is also not entitled to habeas relief because the Supreme Court's holding in *Burrage* is inapplicable to his case. The Supreme Court in *Burrage* held that a criminal defendant may not be sentenced to a twenty year minimum sentence under the "death results" enhancement under 21 U.S.C.§ 841(b)(1)(c) unless the jury finds that the drug distributed by the defendant was the "but for" cause of the victim's death. *Burrage,* 134 S. Ct. at 892. Petitioner was not sentenced to the mandatory minimum twenty year sentence under the death results enhancement. Instead, petitioner was sentenced to 204 months, which is within the twenty year maximum sentence under § 841(b)(1)(c) for distribution of cocaine. Petitioner does not argue that his sentence was enhanced under the "death results" enhancement in § 841(b)(1)(c), merely that the district judge improperly determined the drug quantity rather than the jury. Under the circumstances, petitioner is not entitled to habeas relief because "*Burrage* is irrelevant to his case and his claim amounts to no more than the repetition" of the *Apprendi* and *Alleyne* claims that "he raised unsuccessfully in prior proceedings." *See Walters v. Warden Fairton FCI*, 674 F. App'x. 117, 119 (3d Cir. 2017).

## III. ORDER

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will grant petitioner leave to appeal *in*

*forma pauperis* because an appeal could be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

    Dated:  August 9, 2017                                s/Sean F. Cox
                                                                                    Sean F. Cox
                                                                                    U. S. District Judge

I hereby certify that on August 9, 2017, the foregoing document was served on counsel of record via electronic means and upon Herbert Leo Love via First Class mail at the address below:

Herbert Leo Love 07663040
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

                                                                                      s/J. McCoy
                                                                                      Case Manager